ALTEMUS & WAGNER
ATTORNEYS AT LAW
1255 SACRAMENTO STREET, REDDING, CALIFORNIA 96001
TELEPHONE: (530) 242-8800   FAX: (530) 242-8900

STEWART C. ALTEMUS (SBN 98746)

Attorney for: WILLIAM SCHAPPELL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SCHAPPELL,<br><br>Plaintiff,<br><br>vs.<br><br>PANTHEON HOLDINGS, INC.,<br><br>Defendants.<br>_____/ | NO. _____<br><br>**COMPLAINT FOR DAMAGES**<br>**(JURY TRIAL DEMANDED)** |

Plaintiff, WILLIAM SCHAPPELL, (hereinafter Plaintiff), hereby allege causes of action against PANTHEON HOLDING, INC., (hereinafter Defendant) as follows:

**JURISDICTIONAL STATEMENT**

1. Plaintiff is, and at all times relevant hereto was, a citizen of the State of California.

2. Defendant PANTHEON HOLDINGS, INC., is, and at all times relevant hereto was, a business entity in the form of a corporation which exists, operates and has its principal places of business in the State of Florida.

3. This court has jurisdiction over this matter pursuant to 28 U.S.C Section 1332(a)(1) based on diversity of jurisdiction, and on the ground that the amount in controversy exceeds $25,000.00.

**GENERAL ALLEGATIONS**

4. The true names and capacities of Defendants named herein as DOES 1 through 50 are presently unknown to Plaintiff. This complaint will be amended to add their true names and capacities when the same are ascertained. Plaintiff is informed and believes and on that basis alleges that DOES 1 through 50 are in some way legally responsible for the claims asserted herein by

**COMPLAINT FOR DAMAGES**

plaintiffs.

5.    Plaintiff is informed and believes and on that basis alleges that all Defendants named herein, including, but not limited to Does 1 through 50, are, and at all times and with regard to all issues relevant hereto were, the agents, representatives and/or employees of the remaining Defendants and are therefore each jointly and severally responsible for the injuries and damages caused to Plaintiff by the other.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

6.    Plaintiff incorporates by reference paragraphs 1-5 of this complaint as though fully set forth herein.

7.    On or about June 24, 2004, in Shasta County, California, plaintiff, WILLIAM SCHAPPELL, executed a written purchase order for five EZ Link terminals with defendant at a price of $77,400.00. Said purchase order constituted a contract for a seller assisted marketing plan within the meaning of Title 2.7 of the California Civil Code, Civil Code Sections 1812.200, et seq. Said transaction is also regulated by the Federal Trade Commission, 16 CFR Part 436, 15 U.S.C. 41, et seq.

8.    Plaintiff paid the purchase price of $77,400.00 to defendant. Defendant has received more than 20% of the total purchase price in violation of California Civil Code Section 1812.210, subdivision(b). Defendant also has not placed the purchase price that plaintiff paid over and above 20% of the purchase price into an escrow account as required by California Civil Code Section 1812.210, subdivision (b). No escrow account has been set up by defendant as required by California Civil Code Section 1812.214, subdivision(c). Neither the purchase order nor the documents which were attached to it set forth the name and address of an escrow holder with an account number of an escrow account set up for the purposes of holding plaintiff's money as required by California Civil Code Section 1812.209, subdivision(a). Neither the purchase order nor any document which is attached to the purchase order indicate that the payment made by plaintiff of the amount in excess of 20% of the purchase price was to be made by a separate instrument made payable to the escrow account as required by California Civil Code Section 1812.209 subdivision (a).

9.    Defendant violated both California and federal law by taking more than 20% of the purchase price of the equipment, by failing to place amounts in excess of 20% of the purchase price of the equipment into an escrow account, by failing to properly identify the escrow account holder, and by failing to institute safeguards that should have included a provision that the amounts placed

**COMPLAINT FOR DAMAGES**

in the escrow account could not be disbursed to defendant without written notification to plaintiff. The purchase order and the documents attached to it do not comply with the requirements of Title 2.7 of the California Civil Code and it is therefore voidable at the election of the plaintiff upon written notice to defendant. On or about August 9, 2004, by certified mail, return receipt requested, plaintiff notified defendant in writing of plaintiff's election to void the contract. Plaintiff is entitled to a return of the full purchase price for the equipment.

10. Paragraph one of the "Agreement" that was attached to plaintiff's purchase order required defendant to ship the equipment which is the subject of the purchase order within 30 days after defendant's receipt of 20% of the purchase price and a signed purchase order. Defendant received the signed purchase order on June 24, 2004 and received 100% of the purchase price on June 30, 2004. None of the five terminals have been "delivered" within the meaning of the contract. One of the terminals has actually been shipped to California, but not in accordance with the terms of the contract, and plaintiff has never been asked to accept this terminal and has not accepted this terminal.

11. Section one of the "Agreement" attached to the purchase order provides:

> "Buyer may cancel the order and receive back any deposits by written notice delivered to seller prior to shipment if the order is not shipped within 30 days of receipt of the purchase order and deposit from buyer."

12. On August 9, 2004, by certified mail return receipt requested, plaintiff notified defendant of the cancellation of the order. Plaintiff also demanded the return of the entire purchase price of the equipment since that constituted plaintiff's "deposit".

13. The purchase order and the documents which accompany it do not comply with the requirements of Title 2.7 of the California Civil Code. Specifically, but without limitation, violations of this title include the failure to deliver to plaintiff the documentation and disclosures required by California Civil Code Sections 1812.205 and 1812.206. The purchase order and other documents do not comply with California Civil Code Section 1812.209. Because of these failures, the purchase order is voidable, and has been voided by plaintiff.

14. Plaintiff is informed and believes and thereon alleges that defendant has not filed the requisite disclosure statements required by California Civil Code Section 1812.203 with the California Attorney General. Plaintiff is also informed and believes and thereon alleges that defendant has never notified the Attorney General of California of the name and address of any escrow account holder since there is no escrow account holder. This constitutes a violation of California Civil Code Section 1812.214 subdivision(c)(2).

**COMPLAINT FOR DAMAGES**

15. Plaintiff is not only entitled to a refund of the purchase price of $77,400.00, but plaintiff is also entitled to reasonable costs and attorneys fees in amounts according to proof.

## SECOND CAUSE OF ACTION
## FRAUD

16. Plaintiff incorporates by reference paragraphs 1-15 of this complaint as though fully set forth herein.

17. Defendant made many untrue and misleading statements in its efforts to get plaintiff to part with his money including, but not limited to, the level of assistance he could expect to receive concerning location of the equipment plaintiff agreed to purchase, the amount of money plaintiff could expect to make from the equipment, and the ways in which plaintiff could supposedly make money by purchasing the equipment.

18. Pursuant to California Civil Code Section 1812.215, the purchase order and accompanying documents are voidable by plaintiff because of the untrue and misleading statements made to him by defendant. Plaintiff has voided the contract for those reasons.

19. The statements made to plaintiff were untrue, and in the exercise of reasonable diligence, plaintiff could not have discovered their falsity.

20. Plaintiff relied on the statements made to him by defendant to his detriment in that he paid defendant $77,400.00 for machines he never received and which, had he received them, could not possibly produced the income that plaintiff was promised by defendant.

21. Defendant is guilty of fraud within the meaning of California Civil Code Section 3294 and plaintiff is therefore entitled to an award of punitive and exemplary damages in addition to the actual damages plaintiff suffered.

WHEREFORE, plaintiffs pray judgment as follows:
1. For damages in the amount of $77,400.00.
2. For interest on said damages;
3. For attorneys fees on plaintiff's first cause of action;
4. For costs of suit herein incurred;
5. For such other and further relief as the court may deem proper.

//
//
//

**COMPLAINT FOR DAMAGES**

4

//

**DEMAND FOR A JURY TRIAL**

Plaintiff hereby demands a jury trial of all issues triable to a jury.

Dated: January 20, 2005                                    ALTEMUS & WAGNER

_____
STEWART C. ALTEMUS,
Attorney for Plaintiff

**COMPLAINT FOR DAMAGES**