UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WILLIAM SCHAPPELL,

        Plaintiff,                CIV. S-05-0219 GEB PAN PS

    v.

PANTHEON HOLDINGS, INC.,           ORDER
and DOES 1 through 50,

        Defendants.

—o0o—

Plaintiff moves for default judgment against defendant Pantheon Holdings, Inc., following the Clerk's entry of default May 20, 2005.  Fed. R. Civ. P. 55(b)(2), 55(a).  The hearing on this matter, scheduled for August 3, 2005, was vacated, and plaintiff is directed to file by August 26, 2005, a supplemental brief setting forth the following additional information.

Only "[w]ell-pleaded allegations are taken as admitted on a default judgment."  Benny v. Pipes, 799 F.2d 489, 495 (9th Cir.

1986), as amended, 807 F. 2d 1514 (citations omitted).  "[I]t follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." <u>Danning v. Lavine</u>, 572 F.2d 1386, 1388 (9th Cir. 1978) (citation omitted).  "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  <u>Cripps v. Life Ins. Co. of North America</u>, 980 F.2d 1261, 1267 (9th Cir. 1992).

Moreover, allegations of the complaint relating to the amount of damages may not be deemed admitted but must be proven. <u>Geddes v. United Financial Group</u>, 559 F.2d 557, 560 (9th Cir. 1977).  "Support for this general rule is found in Rule 8(d) of the Federal Rules of Civil Procedure which reads:  'Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading.'  Further support for the rule can be found in Federal Rule of Civil Procedure 55(b) which expressly authorizes the court to conduct a hearing on the issue of damages before entering a judgment by default."  <u>Id</u>.

The court requires supplemental briefing to identify the factual allegations of the complaint that support plaintiff's legal claims.  Further briefing is also required to prove plaintiff's damages.  Accordingly, plaintiff shall file a supplemental brief addressing the following:

/ / /

1. How does defendant's sale of "EZ Link terminals" and the parties' contract come within California law governing "seller assisted marketing plans" as set forth at Cal. Civ. Code § 1812.200 et seq?

2. How is the parties' contract regulated by the Federal Trade Commission?

3. The "California Contract/Agreement" attached to the Purchase Order provides "mandatory contract provisions" required by Cal. Civ. Code § 1812.209.  Why is this inadequate?

4. The mandatory contract provisions required by Cal. Civ. Code § 1812.209(a) include identification of an escrow account established pursuant to § 1812.210(b) and report of that account to the Attorney General pursuant to § 1812.214(c)(2) "*[i]f* the contract provides for the seller to receive more than 20 percent of the initial payment before delivery." Plaintiff's declaration states, "I paid Defendant the total sum of $77,400 as per the contract."  Explain how the contract required plaintiff tender the entire purchase price prior to delivery or whether plaintiff's full payment was voluntary.

5. The complaint states generally that "violations of this title include the failure to deliver to plaintiff the documentation and disclosures required by California Civil Code Sections 1812.205 and 1812.206."  Explain.

6. The complaint states that "[p]laintiff is informed and believes and thereon alleges that defendant has not filed the requisite disclosure statements required by California Civil Code Sections 1812.203 with the California Attorney General."  Explain.

7. Plaintiff asserts generally that defendants' conduct constitutes fraud under Cal. Civ. Code § 3294.  Identify the conduct that demonstrates defendant is guilty of oppression, fraud or malice as set forth in the statute.

8. The complaint and plaintiff's declaration state that the purchase price for "five EZ Link terminals" was $77,400.00, which plaintiff asserts is the measure of his actual damages.  However, the Purchase Order indicates plaintiff was credited $6000.00, paid a deposit of $7000.00 and a final payment of $64,400.00, for a total purchase price of $71,400.00.  Explain and attach all documents pertinent to the court's calculation of actual damages, including but not limited to a copy of plaintiff's cancelled check, money order or credit card statement, and any additional relevant communications between the parties.

9.  Provide the legal authority for awarding prejudgment and postjudgment interest on any actual damages award.

10. Pursuant to the parties' contingency fee agreement, plaintiff seeks attorney's fees equal to one-third of the court's judgment on actual damages.  The applicable statute provides for "reasonable attorney's fees."  Cal. Civ. Code § 1812.218.  Justify the reasonableness of the requested fees, including whether plaintiff's counsel has agreed to pursue satisfaction of judgment.

Plaintiff shall file this supplemental brief with the court on or before Friday, August 26, 2005.

So ordered.

Dated:  August 4, 2005.

                                        /s/ Peter A. Nowinski
                                        PETER A. NOWINSKI
                                        Magistrate Judge