UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SCHAPPELL,<br><br>               Plaintiff,<br><br>    v.<br><br>PANTHEON HOLDINGS, INC.,<br><br>              Defendant. | 2:05-cv-00219-GEB-PAN<br><br><u>ORDER TO SHOW CAUSE<br>AND CONTINUING STATUS<br>(PRETRIAL SCHEDULING)<br>CONFERENCE</u> |

        The September 7, 2005, Order continued the status conference in this case to December 12, 2005, and required Plaintiff to file a status report no later than November 28, 2005, in which Plaintiff was only required to explain the status of the default issue. No status report was filed as ordered.

        Plaintiff is Ordered to Show Cause (OSC) no later than 4:00 p.m. on February 7, 2006, why sanctions should not be imposed under Rule 16(f) of the Federal Rules of Civil Procedure against counsel and/or Plaintiff for the failure to file a timely status report, as ordered. The written response shall state whether Plaintiff or his

1

counsel is at fault and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on February 21, 2006, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date. In accordance with the requirements set forth in the September 7 Order, Plaintiff shall file a joint status report no later than February 7, 2006, in which Plaintiff is only required to explain the status of the default issue.

IT IS SO ORDERED.

DATED: December 5, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).