UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SCHAPPELL,<br><br>             Plaintiff,<br><br>    v.<br><br>PANTHEON HOLDINGS, INC.,<br><br>            Defendant. | 2:05-cv-219-GEB-PAN(JFM)<br><br><u>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE</u> |

        The February 15, 2006, Order Continuing Status (Pretrial Scheduling) Conference ("February 15 Order") continued the status conference in this case to June 5, 2006, and required Plaintiff to file a status report no later than May 22, 2006, in which he was "only required to explain the status of the default issue." No status report was filed as ordered.

        Plaintiff is Ordered to Show Cause (OSC) no later than 4:00 p.m. on June 9, 2006, why sanctions should not be imposed under Rule 16(f) of the Federal Rules of Civil Procedure against counsel and/or Plaintiff for the failure to file a timely status report, as ordered. The written response shall state whether Plaintiff or counsel is at

/////

/////

1

fault and whether a hearing is requested on the OSC.[1]  If a hearing is requested, it will be held on August 14, 2006, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date. Since Plaintiff's January 19, 2006, indicates the only matter remaining for decision is the default of Defendant, Plaintiff shall file a further status report no later than July 31, 2006, in which he is only required to explain the status of the default issue.

IT IS SO ORDERED.

Dated:  May 25, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2