IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM SCHAPPELL,  )
                    )  2:05-cv-219-GEB-PAN(JFM)
       Plaintiff,   )
                    )  ORDER IMPOSING SANCTIONS
       v.           )
                    )
PANTHEON HOLDINGS, INC., and )
DOES 1 through 50,  )
                    )
                    )
       Defendants.  )

On May 26, 2006, this Court issued an Order to Show Cause ("OSC") why Plaintiff should not be sanctioned for his failure to file a timely status report in compliance with the Court's February 15, 2006, Order Continuing Status (Pretrial Scheduling) Conference. The OSC required Plaintiff to file a response to the OSC no later than June 9, 2006. Plaintiff failed to respond to the OSC.

Failure to follow the requirements in a Rule 16 order is sanctionable conduct. Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990) (sanction upheld against lawyer who forgot to attend settlement conference). Clearly judges should be expected to take action when Rule 16 filing deadlines are missed -- otherwise, a deadline ceases to be meaningful and simply serves as a useless goal to be

1

considered by counsel when filing court documents.

> [The] trial judge has an independent responsibility to enforce the directives he has laid down for the case. . . . "Rules are rules – and the parties must play by them. In the final analysis, the judicial process depends heavily on the judge's credibility. To ensure such credibility, a district judge must often be firm in managing crowded dockets and demanding adherence to announced deadlines. If he or she sets a reasonable due date, parties should not be allowed casually to flout it or painlessly to escape the foreseeable consequences of noncompliance."

Legault v. Zambarano, 105 F.3d 24, 28-29 (1st Cir. 1997) (quoting Mendez v. Banco Popular de Puerto Rico, 900 F.2d 4, 7 (1st Cir. 1990)); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.' . . . Disregard of the order would undermine the court's ability to control its docket . . . and reward the indolent and the cavalier."); Robson v. Hallenbeck, 81 F.3d 1, 4 (1st Cir. 1996) ("[Court] [c]alendars are simply too crowded for the parties to treat [compliance with the filing requirements in] scheduling orders as optional.").

Since Plaintiff and his counsel failed to respond to the OSC, no justification has been provided for their failure to file a timely status report. Therefore, they are sanctioned in the amount of TWO HUNDRED FIFTY DOLLARS ($250.00) for that failure.[1]  See Martin Family Trust v. NECO/Nostalgia Enter. Co., 186 F.R.D. 601 (E.D. Cal. 1999). Plaintiff shall pay the sanction to the Clerk of the Court for this District within fifteen (15) days from the date this Order is filed. The check shall be made payable to "Clerk, U.S. District Court." Proof

---

[1] The OSC apprized Plaintiff that he could request a hearing on the OSC. (OSC at 2.) Neither a response to the OSC was filed nor any document requesting a hearing.

of payment must be sent to the undersigned judge's chambers within five (5) days of payment.[2]

IT IS SO ORDERED.

Dated:  July 25, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[2] Plaintiff is warned that failure to pay this sanction as ordered could result in imposition of additional sanctions.